■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEZEKIAH WENSTLEY, Appellant.—Judgment unanimously affirmed. Memorandum: On this appeal from a conviction of

driving while intoxicated as a felony, we reject defendant's contention that he was deprived of effective assistance of counsel principally because his counsel failed to object to the introduction into evidence of the certificate of conviction offered by the prosecutor to prove that defendant had been previously convicted of driving while intoxicated. Contrary to defendant's assertion, the certificate indicates that defendant was convicted of driving while intoxicated, not driving while ability impaired. The fact that the certificate shows that defendant's license was suspended rather than revoked indicates only that the court may have failed to comply with the provision of law for mandatory revocation of defendant's license, not that the conviction was for driving while ability impaired. The methods provided by CPL 60.60 of proving a prior conviction are not exclusive and the judgment of conviction could be proven by other competent proof, including the original court records (see, People v McIntyre, 99 Misc 17, 21). A judgment of conviction consists of the entry of a plea of guilty or a verdict of guilty together with the sentence imposed thereon and is completed by imposition and entry of the sentence (CPL 1.20 [15]). Here, the City Court Judge who accepted defendant's plea and imposed sentence thereon produced his original notes and testified that defendant pleaded guilty to the crime of driving while intoxicated and that he imposed sentence on that plea. This evidence, even in the absence of the certificate of conviction, was sufficient to prove defendant's prior conviction of driving while intoxicated.

The court was not required to submit to the jury the lesser included offense of driving while ability impaired because neither party so requested it (see, CPL 300.50 [2]).

The court properly exercised its discretion in permitting the prosecutor to use convictions in 1966 to impeach defendant's credibility. Those convictions were highly probative of defendant's credibility, defendant was incarcerated on those convictions for a lengthy period and he continued to commit crimes after his release from incarceration.

In view of defendant's extensive criminal record, defendant's sentence of 1⅓ to 4 years was not harsh and excessive. (Appeal from judgment of Cayuga County Court, Contiguglia, J.—felony driving while intoxicated.) Present—Denman, J. P., Boomer, Green, Lawton and Davis, JJ.